UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS E. RAMIREZ,

     Petitioner,

v.                                                Case No. 8:05-cv-104-T-23EAJ

SECRETARY, Department of Corrections,

     Respondent.

_____/

## **O R D E R**

Ramirez petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 11) and challenges the validity of his convictions for burglary of a dwelling, robbery with a deadly weapon, false imprisonment, and shooting at, within, or into a building. The response (Doc. 13) is supported by numerous exhibits ("Respondent's Exhibit ___"). The respondent admits that the petition is timely (Doc. 13 at 11). Ramirez challenges his convictions on grounds of due process and ineffective assistance of counsel.

## **FACTS**

Ramirez pled guilty to the charges in two criminal cases, for which he received suspended sentences of imprisonment and probation. Less than one year later, Ramirez violated his probation, which caused the trial court to revoke Ramirez's probation and impose the suspended prison terms. Ramirez timely appealed but later voluntarily dismissed his appeal.

Ramirez filed a state Rule 3.850 post-conviction motion and the trial court appointed a special public defender to represent Ramirez.  The trial court denied the motion in part and directed the state to respond to the issue of whether trial counsel failed to object at sentencing to the assessment of sentencing points for violation of a community control sanction.  During an evidentiary hearing on this claim, the state conceded the number of sentencing points assessed was incorrect.  The state represented that the correct sentencing range was 145 months to 243 months.  The trial court afforded Ramirez the opportunity to accept a 145 month sentence.[1]  Ramirez rejected the reduced sentence.  Finding that Ramirez suffered no prejudice, the trial court held that the 180-month sentence stood as originally imposed.

Also at the evidentiary hearing, Ramirez sought to amend his Rule 3.850 motion to add the claim that he was not specifically advised of the consequence of possible deportation, which amendment the trial court denied.  Ramirez appealed the denial of his Rule 3.850 motion.  The state appellate court affirmed the denial of Ramirez's original Rule 3.850 motion but remanded for consideration of the merits of the amended claim.  Following an evidentiary hearing, the trial court denied the amended claim.  Ramirez timely appealed the denial of the amended Rule 3.850 motion.  The state appellate court affirmed the denial.  Ramirez next filed this Section 2254 petition.

---

[1] Ramirez originally received a suspended sentenced of 180 months imprisonment.  He filed a motion for reduction of sentence, which motion the trial court granted.  The trial court reduced Ramirez's sentence to a suspended term of 154 months imprisonment, the bottom of the applicable sentencing guidelines range.

## STANDARD OF REVIEW

Because this action commenced after April 24, 1996, Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this proceeding.  Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000).  Section 2254(d), which creates a highly deferential standard for federal court review of state court adjudications, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;
> >
> > or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a

question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. 685, 694 (2002); Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").

Ramirez has the burden of overcoming all state court factual determinations by clear and convincing evidence. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies only to findings of fact, not mixed determinations of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001). Consequently, this court must defer to the findings of fact in the trial court's rejection of Ramirez's post-conviction claims of due process and ineffective assistance of counsel (Orders Denying Motion for Post-Conviction Relief, Respondent's Exhibits 8 and 14).

## DUE PROCESS

In ground one, Ramirez contends he was denied due process of law when the trial court failed to ensure that he understood the consequences of pleading guilty and

- 4 -

receiving suspended sentences.  Ramirez claims this failure violated his right to due

process and rendered his plea involuntary.

Ramirez presented this claim in his Rule 3.850 motion for post-conviction relief

(Respondent's Exhibit 6 at 4-6).  The state court rejected the claim as follows:

> In ground 1, Defendant claims he was denied due process of law where the
> Court erred by failing to ensure whether Defendant, a Columbian national,
> understood thoroughly the significance and reasonable consequences of a
> suspended sentence.  In determining whether the Court inquired into the
> Defendant's "understanding of the broad spectrum of rights being waived" when
> pleading, the record must contain "an affirmative showing that the Defendant
> voluntarily and intelligently entered the plea."  Peart v. State, 756 So.2d 42, 45
> (Fla. 2000).  After reviewing the November 30, 1998 transcript, the Court, during
> the plea colloquy stated to Defendant the following:

> THE COURT:    Do you understand that by entering a plea of guilty to each
>               of those charges, that you are now giving up your right to
>               have a jury trial?

> DEFENDANT:    Yes.

> THE COURT:    At trial you would be entitled to call witnesses on your own
>               behalf as well as to confront the witnesses against you.  Do
>               you understand that?

> DEFENDANT:    Yes.

> THE COURT:    You would also be given the opportunity to either testify or
>               not to testify.  And that decision would be yours alone.  Do
>               you understand that?

> DEFENDANT:    Yes.

> THE COURT:    Should you have lost the trial, by entering a plea of guilty to
>               these charges, you're now giving up your right to appeal to
>               the next higher court.  Do you understand that as well?

> DEFENDANT:    Yes.

> THE COURT:    I have a form in front of me entitled plea form,
>               acknowledgment and waiver of rights.  Is that your signature
>               on the second page?

DEFENDANT:      Yes, sir.

THE COURT:      Did you have enough time to go over that form with your lawyer?

DEFENDANT:      Yes.

THE COURT:      Did you understand it?

DEFENDANT:      Yes.

THE COURT:      Do you have any questions about it?

DEFENDANT:      No.

(See November 30, 1998 Transcript).  Therefore, the record reflects that the Court inquired whether Defendant understood the plea agreement and subsequent sentence, and Defendant answered affirmatively.  Moreover, the record reflects that the plea form that Defendant signed was written in Spanish and that an interpreter was present during the plea colloquy.  (See November 30, 1998 Hearing Transcript, Plea Form, attached).  As such no relief is warranted upon ground 1.

(Respondent's Exhibit 8).

"[T]he representations of the defendant . . . [at a plea proceeding] as well as any findings made by the judge accepting plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity."  Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).  Ramirez presents no evidence to rebut the plea colloquy, nor any evidence to refute the state court's finding of fact that he understood the consequences of his plea and sentences. Ramirez also fails to identify a decision of the United States Supreme Court holding that due process requires a state court to advise a defendant of the meaning of a suspended sentence prior to accepting a guilty plea.  See Mask v. McGinnis, 252 F.3d 85, 89-90 (2d Cir. 2001) ("petitioner is entitled to habeas relief only upon a showing that the state

- 6 -

courts unreasonably applied clearly established *Supreme Court* precedent") (emphasis in original).

A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process.  A knowing and voluntary plea satisfies due process.  Boykin v. Alabama, 395 U.S. 238, 242-43 (1969).  "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review."  Stano v. Dugger, 921 F2d 1125, 1141 (11th Cir. 1991).  A voluntary plea requires that a defendant understand the direct consequences of the plea.  Brady v. United States, 397 U.S. 742, 755 (1970).  A direct consequence is one that has a definite, immediate, and largely automatic effect on the range of a defendant's punishment.  Steele v. Murphy, 365 F.3d 14, 17 (1st Cir. 2004); Wilson v. McGinnis, 413 F.3d 196, 199 (2d Cir. 2005); Warren v. Richland County Circuit Court, 223 F.3d 454, 457 (7th Cir. 2000).  Florida law applies this same standard.  Major v. State, 814 So.2d 424, 429 (Fla. 2002) (approving definition of "direct consequence" as a consequence having "a definite, immediate and largely automatic effect on the range of the defendant's punishment").  Failure to advise a defendant of a collateral consequence of a plea does not render a plea involuntary.  United States v. Campbell, 778 F.2d 764, 768 (11th Cir. 1985); State v. Partlow, 840 So.2d 1040, 1043 (Fla. 2003).

To the extent he contends that the trial court should have advised him of the consequences of violating a condition of his probation before accepting his guilty plea, Ramirez's argument fails.  The imposition of the suspended sentences was a collateral consequence of Ramirez's violating his probation and not a direct consequence of the

- 7 -

guilty plea itself.  See e.g., United State v. Littlejohn, 224 F.3d 960, 965 (9th Cir. 2000)

(if a consequence is contingent upon action by an individual other than the sentencing

court, such as another governmental agency or the defendant himself, the consequence

is generally "collateral").  Consequently, the trial court was not required to advise

Ramirez of the implication of a suspended sentence.  Ramirez fails to show that the trial

court's denial of this claim resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established federal law.[2]

　　　Ramirez vaguely asserts in his supporting memorandum (Doc. 12) that defense

counsel was ineffective for failing to assure that Ramirez knew the consequences of a

suspended sentence.  Counsel is not constitutionally ineffective for failing to inform a

defendant of the collateral consequences of a guilty plea.  Pickard v. Thompson, 170

Fed.Appx. 86, 87 (11th Cir. 2006).  No relief is warranted on this basis.

## INEFFECTIVE ASSISTANCE OF COUNSEL

　　　Ramirez claims ineffective assistance of counsel, a difficult claim to sustain.

"[T]he cases in which habeas petitioners can properly prevail on the ground of

ineffective assistance of counsel are few and far between."  Waters v. Thomas, 46 F.3d

1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th

Cir. 1994)).  Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective

assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled
> and well documented.  In Strickland v. Washington, 466 U.S. 668, 104
> S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part

---

[2] Ramirez also argues that the trial court's actions violated his rights under the Florida
Constitution.  This claim is not cognizable on federal habeas review.  28 U.S.C. § 2254(a).

test for analyzing ineffective assistance of counsel claims.  According to
Strickland, first, the defendant must show that counsel's performance was
deficient.  This requires showing that counsel made errors so serious that
counsel was not functioning as the "counsel" guaranteed the defendant by
the Sixth Amendment.  Second, the defendant must show that the
deficient performance prejudiced the defense.  This requires showing that
counsel's errors were so serious as to deprive the defendant of a fair trial,
a trial whose result is reliable.  Strickland, 466 U.S. at 687, 104 S.Ct.
2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent

prejudice.  Strickland v. Washington, 466 U.S. at 697 ("There is no reason for a court

deciding an ineffective assistance claim . . . to address both components of the inquiry if

the defendant makes an insufficient showing on one."); Sims v. Singletary, 155 F.3d at

1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on

either of its two grounds.").  The Strickland standard applies with equal force even when

the claim of ineffective assistance of counsel is in the context of a guilty plea.  Hill v.

Lockhart, 474 U.S. 52 (1985); Agan v. Singletary, 12 F.3d 1012 (11th Cir. 1994).

However, regarding the performance prong of the standard, "counsel owes a lesser duty

to a client who pleads guilty than to one who decided to go to trial, and in the former

case counsel need only provide his client with an understanding of the law in relation to

the facts, so that the accused may make an informed and conscious choice between

accepting the prosecution's offer and going to trial."  Wofford v. Wainwright, 748 F.2d

1505, 1508 (11th Cir. 1984).

"[C]ounsel is strongly presumed to have rendered adequate assistance and

made all significant decisions in the exercise of reasonable professional judgment."

Strickland v. Washington, 466 U.S. at 690.  "[A] court deciding an actual ineffectiveness

- 9 -

claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland v. Washington, 466 U.S. at 690.  Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. at 690.  Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Ramirez must demonstrate that error by counsel prejudiced the defense.  Strickland v. Washington, 466 U.S. at 691-92.  To meet this burden, Ramirez must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. at 59.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland v. Washington, 466 U.S. at 690-91.  Ramirez cannot meet the burden of Strickland by showing that, in hindsight, the avenue chosen by counsel proved ineffective:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . .  We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  Accord Chandler v.

United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial

lawyers, in every case, could have done something more or something different.  So,

omissions are inevitable. . . .  [T]he issue is not what is possible or 'what is prudent or

appropriate, but only what is constitutionally compelled.' ") (en banc) (quoting Burger v.

Kemp, 483 U.S. 776, 794 (1987)).  See also Jones v. Barnes, 463 U.S. 745, 751 (1983)

(counsel has no duty to raise frivolous claims).

As stated above, Ramirez must prove that the state court's decision was (1)

"contrary to, or involved an unreasonable application of, clearly established Federal law,

as determined by the Supreme Court of the United States; or (2) . . . based on an

unreasonable determination of the facts in light of the evidence presented in the State

court proceeding."  28 U.S.C. § 2254(d).  Consequently, the state court's determination

of each of Ramirez's claims largely governs this court's review of those same claims.

**Ground Two**

Ramirez contends his attorney rendered ineffective assistance by failing to inform

Ramirez, either directly or through an interpreter, of the sentencing scheme outlined in

the plea agreement.  The state court denied this post-conviction claim as follows:

> In ground 2A, Defendant claims ineffective assistance of counsel due to counsel's failure to fully inform him or alternatively failed to use the court appointed interpreter to inform Defendant of sentencing scheme of the offered plea agreement, thereby rendering plea in nature [sic] unintelligent.  Specifically, Defendant claims counsel gave him a written plea agreement in Spanish; however, the details of the plea was [sic] in English.  As discussed in ground 1, when the Court, during the plea colloquy, asked Defendant whether he understood the plea agreement, Defendant answered affirmatively through an interpreter.  (See November 30, 1998 Transcript, attached).  Therefore, Defendant has failed to meet

- 11 -

> the first prong of <u>Strickland</u> in that he has failed to prove that counsel was deficient.  Since Defendant has failed to meet the first prong of <u>Strickland</u>, it is unnecessary to address the prejudice component.  As such, no relief is warranted upon ground 2A.

(Respondent's Exhibit 8 at 6).  The state court correctly recognized that <u>Strickland</u> governs Ramirez's ineffective assistance of counsel claim.  Consequently, Ramirez cannot meet the "contrary to" test in Section 2254(d)(1).  Ramirez instead must show that the state court unreasonably applied <u>Strickland</u> or unreasonably determined the facts.

Ramirez presents no evidence to show that he is entitled to relief.  <u>See</u> <u>Hill v. Lockhart</u>, 474 U.S. at 52 (conclusory allegations presented in support of an ineffective assistance of counsel claim are insufficient to raise a constitutional issue); <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1559 (11th Cir. 1991) (recognizing that vague, conclusory, or unsupported claims cannot support an ineffective assistance of counsel claim).  The record supports the state court's denial of this claim. The plea form Ramirez signed was printed in Spanish.  Some information related to Ramirez's sentence was handwritten on the form in English.  A Spanish interpreter attended the plea hearing. Through the interpreter, Ramirez confirmed during the plea colloquy that he understood the plea form, reviewed the form with counsel, and had no questions about the form. Ramirez alleges no circumstances to support the conclusion that he placed particular emphasis on the sentencing scheme in deciding whether to plead guilty.  Ramirez has not met his burden of proving that the state court's determination is an unreasonable application of controlling Supreme Court precedent or an unreasonable determination of the facts.

**Ground Three**

Ramirez claims his counsel rendered ineffective assistance by failing to ensure

that Ramirez, a Columbian national, understood the deportation consequences of his

guilty plea.  As a sub-claim of ground three, Ramirez contends the trial court did not

afford him a full and fair evidentiary hearing on this claim.

Ramirez presented this claim to the state court in his amended Rule 3.850

motion.  Following an evidentiary hearing, the state court denied relief as follows:

> 1. Defense counsel, Douglas Roberts, thoroughly explained to the defendant the contents and consequences contained therein of the plea form that the defendant signed in these cases on November 30, 1998 in open court.  The court further finds, based upon the testimony of Mr. Roberts, that the defendant had intelligently consumed the written information contained on said plea form, and that the defendant understood its contents including the warning concerning deportation.  See Joseph v. State, 782 So.2d 895 (2DCA 2001).  The court further finds that Mr. Roberts relied on an official court interpreter to go over the form with the defendant in Spanish.  The fact that the actual identity of the official court reporter who interpreted said plea form on November 30, 1998 in open court is unknown is of no consequence.  Therefore, the first prong of Strickland v. Washington, 466 U.S. 668 (1984) is not satisfied.
>
> 2. Because the defendant has not shown by clear and convincing evidence that Mr. Roberts' performance was deficient, the second prong of Strickland concerning prejudice is not an issue.

(Respondent's Exhibit 14).  Ramirez argues entitlement to relief because the trial court's

factual findings resulted in a decision that was either contrary to state law or involved an

unreasonable application of clearly established federal law.

Ramirez's claim that the trial court erred in its application of state law is not

cognizable on federal habeas review.  28 U.S.C. § 2254(a); Estelle v. McGuire, 502

U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-

court determinations on state-law questions.  In conducting habeas review, a federal

court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). Ramirez is not entitled to relief on his claim that the state court misapplied federal law.

Ramirez cannot satisfy the "contrary to" test of Section 2254(d)(1) because the state court recognized that Ramirez's claim of ineffective assistance of counsel is controlled by Strickland v. Washington. The record supports the state court's finding that counsel, through a Spanish interpreter, explained the plea form to Ramirez, the plea form contained the deportation warning, and Ramirez was apprised of the possible consequence of deportation (Respondent's Exhibit 13 at 48-51). Ramirez fails to refute the trial court's findings. He has not met his burden of presenting clear and convincing evidence to overcome the presumption of correctness of the trial court's finding that counsel advised him of the possible consequence of deportation. See 28 U.S.C. § 2254(e)(1). Ramirez fails to establish that the trial court's denial of this claim was either contrary to or an unreasonable application of Strickland or resulted in a decision that is based on an unreasonable determination of the facts.

Even assuming that counsel's advice was deficient, Ramirez would not be entitled to federal habeas relief. Deportation is a collateral consequence of a criminal proceeding. Counsel is not constitutionally ineffective for failing to inform a defendant of the collateral consequences of a guilty plea. United States v. Campbell, 778 F.2d at 768. See also Varela v. Kaiser, 976 F.2d 1357 (10th Cir. 1992) (counsel's failure to advise an alien defendant that deportation may result from a guilty plea does not constitute ineffective assistance of counsel). Consequently, the claim does not warrant federal habeas relief.

- 14 -

Ramirez also contends that the trial court failed to afford him a full and fair evidentiary hearing on this claim of ineffective assistance of counsel.  He alleges that, after the trial court granted his motion to discharge court-appointed counsel at the evidentiary hearing on his amended Rule 3.850 claim, the court failed to inquire whether he could adequately represent himself.  Ramirez's claim challenges the trial court's actions at the evidentiary hearing but asserts no violation of a federal constitutional right.

A federal habeas corpus petition is an inappropriate mechanism by which to challenge the process afforded in a state collateral proceeding because the proceeding is collateral to the prisoner's confinement and not the confinement itself.  Quince v. Crosby, 360 F.3d 1259, 1261-62 (11th Cir. 2004) ("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (a habeas claim that the state trial court violated a petitioner's due process rights because it failed to conduct an evidentiary hearing and did not attach to its opinion those portions of the record on which it relied went to issues unrelated to the cause of petitioner's detention and did not state a basis for habeas relief).

On the morning of the evidentiary hearing, Ramirez's appointed counsel advised the trial court that Ramirez had filed both a motion to discharge counsel and a bar complaint against counsel.  Ramirez confirmed that he wished to discharge counsel and the court granted the motion to discharge.  Ramirez requested leave to represent himself.  The court advised Ramirez that he was representing himself and that he had

the right to call witnesses (Respondent's Exhibit 13 at 46-47).  The evidentiary hearing

proceeded.  Ramirez's claim, construed liberally, is that the trial court's procedure was

inadequate under Faretta v. California, 422 U.S. 806 (1975), for failing to determine

whether Ramirez could adequately represent himself at the evidentiary hearing.

The Sixth Amendment guarantees a defendant in a state criminal trial both a right

to counsel and a right of self-representation.  Faretta v. California, 422 U.S. at 806,

819-20.  The constitutional right to counsel attaches at trial.  Pennsylvania v. Finley, 481

U.S. 551, 555 (1987); Hill v. Jones, 81 F.3d 1015, 1024 (11th Cir. 2004).  However, a

defendant has no Sixth Amendment right to self-representation in a direct appeal from a

criminal proceeding.  Martinez v. Court of Appeal, 528 U.S. 152, 160 (2000) (Because

"[t]he right of appeal, as we presently know it in criminal cases, is purely a creature of

statute . . . [i]t necessarily follows that the [Sixth] Amendment itself does not provide any

basis for finding a right to self-representation on appeal.").  Because a defendant

possesses no corresponding Sixth Amendment right to counsel in a post-conviction

collateral proceeding, Coleman v. Thompson, 501 U.S. 722, 755 (1991); Pennsylvania

v. Finley, 481 U.S. at 555, a defendant possesses no right to self-representation in a

collateral proceeding.  See Shields v. Dretke, 122 Fed.Appx. 133, 145 (5th Cir. 2005)

("[N]either [the Fifth Circuit] nor the Supreme Court has established a federal

constitutional right to self-representation on collateral review.").

Faretta is grounded upon the Sixth Amendment's right to counsel.  The state

court was not required to conduct a Faretta hearing because the evidentiary hearing on

Ramirez's Rule 3.850 claim was a collateral proceeding at which Ramirez had a Sixth

Amendment right to neither counsel nor self-representation.  Consequently, Ramirez is

not entitled to relief on this claim because he has not alleged a violation of constitutional or federal law.

Accordingly, Ramirez's amended petition for the writ of habeas corpus (Doc. 11) is **DENIED**.  Ramirez's motion for summary judgment (Doc. 22) is **DENIED** as moot. The clerk shall enter a judgment against Ramirez and close this action.

ORDERED in Tampa, Florida, on July 23, 2007.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE